Mr. Justice Thachek
delivered the opinion of the court.
In March, 1842, Cameron purchased a tract of land of Wat.son. At this time the land was subject to the lien of certain judgments against Watson, in favor of the Mississippi Union Bank. Cameron gave Sawyer a bond to make him a title to the land, and put him in possession. Afterwards, in December, 1842, the land was sold at sheriff’s sale, under the judgment ; and Ayres, the attorney of the bank, became the purchaser of the land for the bank, for the sum of $1200, in the notes of the bank, then valued at from ten to twelve cents on the dollar. On the 1st day of February, 1843, Ayres made a conveyance of the land to Hannum, resident in Tennessee, who had redeemed the land, as a creditor of Watson, by judgments obtained against him in June, 1842. Hannum, shortly after the purchase by Ayres at the sheriff’s sale, had authorized Ayres, and requested him to advance the amount, necessary to redeem the land. Ayres subsequently took from Hannum a •check for $300, in full for the $1200 in the notes of the Mississippi Union Bank. After Ayres had acted thus in this behalf for Hannum, and on the 15th day of February, 1843, Watson, as agent for Cameron, tendered Ayres $1500 in the notes of the Mississippi Union Bank, for the purpose of redeeming the land, which Ayres refused. The prayer of the bill is, that the deeds of Ayres and Hannum may be cancelled, and that they be required to reconvey the land, and for appropriate relief.
The vice-chancellor decreed the dismissal of the bill.
Cameron, by the purchase of the land from Watson, became substituted to the right to redeem, which Watson enjoyed under the first section of the Redemption Law of 1842. Elliot v. Patton, 4 Yerger, 10. Hannum had redeemed the land from the purchaser under the judgment of the bank against Watson, *527 at the expense of $300, which was received as full consideration for the redemption. This was the first redemption made of the land. Probably, the application of Cameron, through Watson, as his agent, to Ayres, to redeem the land, should have been made rather to Hannum, or as he is a non-resident, to the sheriff of the county. But the bill of Cameron was filed within the two years allowed by law for redemption, and, as Hannum is a party, it may properly be viewed as an application to redeem the land. In his bill, Cameron tenders such an amount as may be due in redemption, which is equivalent to a bid of the amount paid by Hannum, and the statutory interest. The third and fourth sections of the redemption law are designed to keep the real estate sold under execution open for bids from the execution-debtor and his creditors, for the space of two years. Unless, therefore, Hannum is willing to advance upon his bid, by expressing a willingness to make a greater credit upon his execution against Watson, Cameron is entitled to redeem upon the terms made by Hannum with Ayres, together with the interest and expenses, as provided by the law. All parties being in court, Hannum must be allowed to state his ultimatum price, and that be then submitted to Cameron, or his representatives, for their conclusion.
Decree reversed, and cause remanded for further proceedings.